Commonwealth *v.* Cross, Appellant.

*Alan R. Krier,* for appellant.

*John Woodcock, Jr.,* Assistant District Attorney, and *Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Essentially, appellant raises the question of whether his waiver of right to counsel prior to a tender of a guilty plea was knowing and voluntary.

Appellant was charged with driving during suspension of license and while under the influence of intoxicants. Appellant entered a guilty plea after an exten-

sive colloquy by the trial judge. During this colloquy, appellant was fully informed of his right to counsel. Nevertheless, he waived his right to counsel, and after the trial judge determined that appellant's guilty plea had been tendered knowingly and voluntarily appellant was sentenced. The trial judge noted that this was appellant's third conviction for the same offenses.

Appellant contends that he did not realize the importance of counsel, that he was assured by a bail bondsman that one was not necessary, and that he would not receive a prison sentence. The validity of these contentions is dubious when the colloquy and record are examined. We are unable to find any error by the trial court and are at a loss to determine just what else the trial judge could have done.

Judgment of sentence is affirmed.